1  Erin M. McCartney, SBN 308803
   Mark S. Krause, SBN 302732
2  ZBS Law, LLP
   30 Corporate Park, Suite 450
3  Irvine, CA 92606
   (714) 848-7920 / FAX: (714) 908-2615
4  Email: bankruptcy@zbslaw.com
   File No. 17003476
5
   Attorneys for Movant, Wilmington Savings Fund Society, FSB, doing business as Christiana
6  Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT

7                    **UNITED STATES BANKRUPTCY COURT**

8                     **NORTHERN DISTRICT OF CALIFORNIA**

9                             **OAKLAND DIVISION**

10

11 | In re:                  | Case No.: 17-40148
12 | Indalecio Vazquez,      | Chapter 13
                             | R.S. No. MSK-1
13 |
                             | **Hearing** –
14 |           Debtor.       | Date: June 18, 2020
                             | Time: 9:30 a.m.
15 |                         | Place: U.S. BANKRUPTCY COURT
                             |        1300 Clay Street
16 |                         |        Oakland, CA 94612
                             |        Courtroom 220
17
18
19

20  **MOVANT, WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS
    CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS
21  TRUSTEE FOR BCAT 2015-14BTT'S MOTION FOR RELIEF FROM THE
    AUTOMATIC STAY UNDER 11 U.S.C. §362(d)(1)**

22      COMES NOW Wilmington Savings Fund Society, FSB, doing business as Christiana

23  Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT ("Movant")

24  through the undersigned counsel moves this Court, pursuant to 11 U.S.C. §362, for Relief from

25  the Automatic Stay with respect to certain Real Property for Debtor.  The facts and law

26  supporting this Motion are set forth below and in the Declaration in Support of Movant's Motion

27  for Relief from the Automatic Stay Under 11 U.S.C. §362(d)(1)(Real Property)("Declaration")

28  filed contemporaneously herewith.

# I. FACTUAL BACKGROUND

1. Debtor is the owner of the Subject Real Property located at 24843 Whitman Street, Hayward, California 94544.

2. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to Debtor, Indalecio Vazquez, on January 19, 2017. On March 13, 2017, the Court entered its Signed Order Confirming Debtor's Chapter 13 Plan.

3. Debtor has executed and delivered that certain Promissory Note in the original principal amount of $518,000.00. Movant is an entity entitled to enforce the Promissory Note. Movant, directly, or through an agent, has possession of the Promissory Note. A true and correct copy of the Promissory Note is attached to the Declaration in Support of Movant's Motion for Relief from the Automatic Stay Under 11 U.S.C. §362(d)(1)(Real Property) as **Exhibit 1**.

4. Pursuant to the Deed of Trust, all obligations of the Debtor under the Promissory Note and the Deed of Trust with respect to the Loan are secured by the Subject Real Property. A true and correct copy of the Deed of Trust is attached to the Declaration in Support of Movant's Motion for Relief from the Automatic Stay Under 11 U.S.C. §362(d)(1)(Real Property) as **Exhibit 2**.

5. Movant is the original Mortgagee or beneficiary or the assignee of the Deed of Trust. A true and correct copy of the Assignment is attached to the Declaration in Support of Movant's Motion for Relief from the Automatic Stay Under 11 U.S.C. §362(d)(1)(Real Property) as **Exhibit 3**.

6. Selene Finance services the underlying Mortgage Loan and Promissory Note for the subject real property referenced in this Motion for Relief from the Automatic Stay for Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if the case is dismissed or if the Debtors obtain a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely

as trustee for BCAT 2015-14BTT. Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT has the right to foreclose because Movant is the original mortgagee or beneficiary or assignee of the security instrument of the referenced loan. Movant, directly or through an agent, has possession of the Promissory Note and the Promissory Note is either made payable to Movant or has been duly endorsed.

7. As of May 26, 2020, there are one or more defaults in paying Debtor's Mortgage payments with respect to the Promissory Note. Debtor owes a minimum outstanding obligation amount of $656,811.85. This is an approximate amount for the purpose of this Motion only. An exact payoff figure can be obtained upon request.

8. Pursuant to the Promissory Note, an additional monthly payment in the amount of $6,114.80 will come due on June 1, 2020.

9. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof in connection with seeking the relief requested in this Motion, Movant has also incurred $1,050.00 in legal fees and $181.00 in costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

10. The following chart sets forth those post-petition payments, due pursuant to the terms of the Promissory Note, that have been missed by the Debtor as of May 26, 2020:

| # of Missed Payments | From | To | Missed Monthly P&I | Missed Monthly Escrow | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 3 | 3/1/20 | 5/1/20 | $4,960.34 | $1,154.46 | $6,114.80 | $18,344.40 |
| Less Post-Petition Partial Payments (Suspense Balance): | | | | | | ($2,876.32) |

**Total: $15,468.08**

## II. LAW AND ARGUMENT

1. 11 U.S.C. §362(d)(1) provides that relief from the automatic stay shall be granted for "cause." Failure to make post-petition payments can constitute cause for termination the automatic stay. (*In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1985). As set forth above and in the

Declaration filed in support herewith, Debtor has failed to make **3** post-petition payments.

    2. Pursuant to provisions of 11 U.S.C. §362 and §362(d)(1), Movant is entitled to adequately protect its interest in the Subject Real Property. (*In re Pliss*, 34 B.R. 432 (Bankr. D. Or. 1983)). The failure to provide Movant with adequate protection is grounds for granting Movant with Relief from the Automatic Stay (Real Property). Movant submits that adequate protection in this case requires normal and periodic case payments, as called for by the Promissory Note, plus the repayment of any and all delinquent amounts owed to Movant, including any and all attorneys' fees and costs incurred in the filing of this Motion. Since the filing of the instant bankruptcy petition Debtor has failed to make the normal cash payments called for by the Promissory Note.

### III. PRAYER FOR RELIEF

WHEREFORE, Movant prays that this Court issue an Order Terminating or Modifying the Stay and granting the following:

    1. Relief from the Automatic Stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Subject Real Property.

    2. That the Order be binding and effective despite any conversion of this Bankruptcy cases to a case under any other Chapter of Title 11 of the United States Code.

    3. For an Order that the 14-day Stay as described by Bankruptcy Rule 4001(a)(3) be waived.

    4. Movant, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loss mitigation agreement as allowed by State law.

    5. Movant may contact Debtor to comply with California Civil Code §2923.5 or §2923.55 as necessary.

    6. The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

    7. For such other relief as the Court deems proper.

| | | | |
|---|---|---|---|
| Dated: | May 28, 2020 | By: | ZBS Law, LLP<br><br>/s/ Mark S. Krause<br>Mark S. Krause, SBN 302732<br>Attorney for Movant |