| | |
|---|---|
| 1 | Erin M. McCartney, SBN 308803 |
| 2 | Mark S. Krause, SBN 302732<br>ZBS Law, LLP |
| 3 | 30 Corporate Park, Suite 450<br>Irvine, CA 92606 |
| 4 | (714) 848-7920 / FAX: (714) 908-2615<br>Email: bankruptcy@zbslaw.com |
| 5 | File No. 17003476 |
| 6 | Attorneys for Movant, Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Indalecio Vazquez,<br><br>Debtor. | Case No.: 17-40148<br>Chapter 13<br>R.S. No. MSK-1<br><br>**Hearing –**<br>Date: June 18, 2020<br>Time: 9:30 a.m.<br>Place: U.S. BANKRUPTCY COURT<br>1300 Clay Street<br>Oakland, CA 94612<br>Courtroom 220 |

**DECLARATION OF** Genevieve A. Jacobs **IN SUPPORT OF MOVANT, WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2015-14BTT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362(d)(1)**

I, Genevieve A. Jacobs, declare and state as follows:

1. I am a(n) Bankruptcy Specialist for Selene Finance and am authorized to sign this Declaration on behalf of Selene Finance, as servicer for Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT ("Movant"). This Declaration is provided in support of

1. Movant's Motion for Relief from the Automatic Stay (the "Motion") filed contemporaneously herewith.

2. I make this declaration based upon my review of the records with regard to this underlying loan transaction, which are kept in the ordinary course of business of Movant. As a part of my job responsibilities, I have personal knowledge or and am familiar with the types of records maintained by movant in connection with the loan that is the subject of this Motion (the "Loan") and the procedures for creating those types of records. I have access to and have reviewed the books, records and files of Movant that pertain to the Loan and extensions of credit given to the Debtor concerning the property securing such loan.

3. The information in this declaration is taken from Movant's business records regarding the Loan. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Movant's regularly conducted business activities, and (c) it is the regular practice of Movant to make such records.

4. Debtor has executed and delivered that certain Promissory Note in the original principal amount of $518,000.00. Movant is an entity entitled to enforce the Promissory Note. Movant, directly, or through an agent, has possession of the Promissory Note. A true and correct copy of the Promissory Note is attached hereto as **Exhibit "1"**.

5. Debtor executed and delivered or is otherwise obligated with respect to that certain Deed of Trust referenced in the Motion ("Mortgage"). Pursuant to the Deed of Trust, all obligations under the Note and Deed of Trust with respect to the Loan are secured by certain real property located 24843 Whitman Street, Hayward, California 94544. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "2"**.

6. Movant is the original mortgagee or beneficiary or the assignee of the Deed of Trust. A true and correct copy of the Assignment(s) of Deed of Trust has been attached hereto as **Exhibit "3"**.

7. Selene Finance services the underlying Mortgage Loan and Promissory Note for the subject real property referenced in this Motion for Relief from the Automatic Stay for Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if the case is dismissed or if the Debtors obtain a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT. Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT has the right to foreclose because Movant is the original mortgagee or beneficiary or assignee of the security instrument of the referenced loan. Movant, directly or through an agent, has possession of the Promissory Note and the Promissory Note is either made payable to Movant or has been duly endorsed.

8. As of May 26, 2020, there are one or more defaults in paying Debtor's Mortgage payments with respect to the Promissory Note. Debtor owes a minimum outstanding obligation amount of $656,811.85. This is an approximate amount for the purpose of this Motion only. An exact payoff figure can be obtained upon request.

9. As of May 26, 2020, the total unpaid principal balance of the Promissory Note is $616,105.91.

10. The following chart sets forth those post-petition payments, due pursuant to the terms of the Promissory Note, that have been missed by the Debtor as of May 26, 2020:

| # of Missed Payments | From | To | Missed Monthly P&I | Missed Monthly Escrow | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 3 | 3/1/20 | 5/1/20 | $4,960.34 | $1,154.46 | $6,114.80 | $18,344.40 |
| Less Post-Petition Partial Payments (Suspense Balance): | | | | | | ($2,876.32) |
| | | | | | Total: | $15,468.08 |

11. As of May 26, 2020, the total post-petition arrearage/delinquency is $15,468.08. The total of missed post-petition payments for this escrow loan includes any missed escrow

payments. Such missed escrow payments include amounts assessed for taxes and insurance and any previously assessed escrow shortage amount (if applicable). To avoid duplication, post-petition advances (if any) made for insurance, real estate taxes, or similar charges are not listed separately to the extent such advances would have been paid from the missed escrow payments. As part of the next annual RESPA analysis, Movant will determine whether the escrow payments assessed to the debtor (*including the missed escrow payments*) result in a projected escrow shortage or overage. All rights are hereby reserved to assert or request any escrow amounts in accordance with RESPA and the total post-petition arrearage/delinquency is qualified accordingly.

12. Attached hereto as **Exhibit "4"** is a post-petition payment history with respect to the Loan.

13. Pursuant to the Promissory Note, an additional monthly payment in the amount of $6,114.80 will come due on June 1, 2020.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 27th day of May, 2020, at Jacksonville (city), Florida (state).

Name: Genevieve A. Jacobs
Title: Bankruptcy Specialist